Peck, J.-
Are the complaina'nts entitled to relief upon the facts’ charged in this bill? We are bound to take the decree' upon Murphy’s bill, as having been made upon correct principles; for no attempt was made to have it reversed. Suppose it to have been correct, on the rescinding of the-contract he was bound to have given up the land, and thoügh the decree did not extend so far aá to order it, still this does not take away from' the heirs the right to have restoration of the possession, upon principles which sháll be equitable. We are not to forget, that he who' asks equity, -shah do it to the person of whom he asks it; and the only question in this case is, have the complainants’ ever waived this principle of equity, so that they shall not now set it up? I am- of opinion, "they have not, and their bill lies to have the possession delivered, and an account for rents and profits.
It is not in the mouth of Murphy to say, that a' court of law is competent to give the relief sought in this case* seeing that he has-affirmed in this court, that the title is a defective one, and one that would not avail the complainants in this bill.
Again, T cannot help seeing Murphy’s title, at this day, may have become complete by the operation of the statute of limitations. So that if he is'permitted to hold the land, and hold on upon the recision of the contract both, then the mere omission to record’the deed, will operate, as a forfeiture of all right to the land and the consideration money.
*506 This consequence the court should avoid, if it he possible; and i think the way a plain one.
But further: Murphy has procured a title from the State, since his purchase from Mrs. Officer, and has been holding under that also. Thus armed at all pomts, with the title of Mrs. Officer, the title from the State, and p.erhaps the statute of limitations upon both, it must be seen that he would be too strong at this day, for the heirs of the deceased vendee, Mrs. Officer, in a court of law.
From the relation in which Murphy stands to these heirs by the purchase from their ancestor, there must exist a remedy, and no court, as to matters not touched in the other suit, is so likely to give it as a court of equity.
The remedy here sought is not inconsistent with the decree pronounced in Murphy’s case; on the other hand it is consistent with it, and this bill may well be taken to save the right, which, by the acts of the adversary in the former case was lost sight of.
From the decree rendered in favor of Murphy, (14th September, 1827,) up to the time of filing this bill, (9th Jan. 1829,) the act of limitations did not operate against the complainants. But if this bill be dismissed, and complainants turned over to law, then it must be seen that in all probability the statute would operate, or at least, leave the right, an extremely embarrassed one; which, under the circumstances in this cause, I think a good ground on which this court may assume jurisdiction. I therefore think the decree should be reversed, and the-cause remanded to be proceeded in.
Catron, Ch. J. concurred.
Green, J. dissented.
Decree reversed.